CALVET ET AL., DEMANDANTES Y APELANTES, *v.* MARTÍN ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre nulidad de enajenación de bienes de menores.

No. 2330.—Resuelto en junio 21, 1921.

REIVINDICACIÓN—CAUSA DE ACCIÓN—TERCEROS—JUSTO TÍTULO—PRESCRIPCIÓN ORDINARIA.—No aduce hechos suficientes una demanda para reivindicar una finca, cuando de la misma consta que los actuales dueños demandados la adquirieron de personas que aparecían del registro ser dueñas según el artículo 33 de la Ley Hipotecaria. No importa que el padre de los alegados verdaderos dueños hubiera vendido la finca sin derecho a ello; sus herederos no pueden tener causa de acción contra el comprador de buena fe, quien, como los anteriores dueños, a excepción del que compró directamente al padre, adquirieron justo título bastante para alegar la prescripción ordinaria.

ID.—PRESCRIPCIÓN EXTRAORDINARIA.—Cuando el término de treinta años que requiere la prescripción extraordinaria venció después que el Código Civil Revisado empezó a regir en Puerto Rico, este código es aplicable y no el Código Civil anterior.

ID.—POSESIÓN TEMPORALMENTE PERDIDA POR UN TERCERO.—De acuerdo con el artículo 468 del Código Civil, el hecho de que el tercero que compró de buena fe de persona que aparecía como dueña según el registro fuera desposeído temporalmente de la finca por quien alega ser dueño verdadero no destruye el derecho de propiedad de dicho tercero.

Los hechos están expresados en la opinión.

Abogado de los apelantes: Sr. L. Montalvo Guenard.

Abogado de los apelados: Sr. G. Rodríguez.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La Corte de Distrito de Ponce declaró con lugar las excepciones previas formuladas a la demanda enmendada y como era la tercera presentada en el caso, dictó sentencia contra los demandantes con imposición de costas. La apelación envuelve únicamente la cuestión de la suficiencia de la demanda. Esta, omitiéndose lo que no es esencial, es como sigue:

"Los demandantes, por representación de su abogado, y previo permiso de esta honorable corte, enmiendan una vez más la demanda de este caso, y alegan:

"Primero: Que Críspula Anglada y Aponte falleció *ab intestato* allá por el año 1872, cuando se hallaba legalmente casada con Juan José Calvet y Rodríguez, dejando cinco hijos que hubo en su matrimonio con éste, nombrados Eduardo Nemesio, Críspula Catalina, Ramón María, Juan José y María Monserrate Calvet y Anglada, que fueron posteriormente declarados únicos y universales herederos *ab intestado* de ella, siendo los cuatro últimos los demandantes en el presente caso.

"Segundo: Que, poco antes de su fallecimiento, allá por el día 26 de julio de 1872, la citada Críspula Anglada y Aponte compró a José Dolores Valencia una finca rústica (que se describe). Y, aunque la compradora señora Anglada y Aponte hallábase a la sazón casada con el citado Juan José Calvet y Rodríguez, padre legítimo de los demandantes, dicha finca siempre fué un bien privativo de ella, por haberla adquirido la compradora con dinero exclusivamente suyo y que procedía de la venta de ciertos terrenos heredados por la misma.

"Tercero: Que, al fallecimiento de la citada Críspula Anglada y Aponte, dicha finca pasó a ser propiedad de sus mecionados hijos herederos. * * *

"Cuarto: Que el día 13 de julio de 1874, o sea unos dos años después del fallecimiento de la señora Anglada y Aponte, su viudo Juan José Calvet y Rodríguez, sin haber obtenido previamente la necesaria autorización judicial y haciendo constar falsamente que él era dueño de la misma, vendió la finca descrita a Bernardo de León y Soto, por escritura pública otorgada en Ponce, P. R., ante el escribano Carlos Gavarín, siendo entonces dueños de dicha finca los mencionados hijos legítimos del vendedor, nombrados Eduardo Nemesio, Críspula Catalina, Ramón María, Juan José y María Monserrate

Calvet y Anglada que todavía eran menores de edad. El citado Bernabé de León y Soto inscribió a su nombre en el Registro de la Propiedad de Ponce, etc.   *   *   *

"Quinto: Que, por escritura otorgada en Ponce, P. R., el 3 de enero de 1882, ante el Notario Fco. Parra, el citado Bernabé de León y Soto adjudicó la ameritada finca, en pago de deuda, a favor de Francisco Martín Lorenzo, y éste la inscribió a su nombre en el citado Registro de la Propiedad, al folio 95 del tomo 4 de Juana Díaz, inscripción 3a. (Se hace entonces mención de la venta de la finca a otras personas y a su inscripción.)

"Noveno: Que en la venta de 'dicha finca, por Juan José Calvet y Rodríguez a favor de Bernabé de León y Soto, se expresó que la misma colindaba al norte con terrenos de don Simón Pierluisi y al este con el río Collores, y así continuó describiéndose en la sucesivas enajenaciones.

"Décimo: Que allá, por el mes de noviembre del año 1895, el nombrado Eduardo Nemesio Calvet y Anglada, actuando por sí y por sus legítimos hermanos y coherederos aquí demandantes, y con el propósito de posesionarse de la finca en cuestión, inscribió en el Registro de la Propiedad de Ponce, P. R., la escritura pública por medio de la cual la finada Críspula Anglada y Aponte había comprado dicha finca a José Dolores Valencia. Y que allá por el mes de enero del año 1898 (mil ochocientos noventa y ocho), el citado Eduardo Nemesio Calvet y Anglada, actuando por sí y por sus legítimos hermanos y coherederos aquí demandantes, tomó posesión material de la finca a que se viene haciendo referencia, en cuya posesión permaneció por espacio de diez y siete meses durante los cuales recolectó para sí y para los demandantes todos los frutos pendientes en dicha finca, y ejecutó en ella toda clase de actos de dominio, hasta que el citado Ruperto Martín Vázquez la recuperó judicialmente. .

"Undécimo: Que los demandantes no han vendido la finca descrita en esta demanda, ni parte de la misma, a Bernabé de León y Soto, ni a Francisco Martín y Lorenzo, ni a Gonzalo Carmona y Chinchilla, ni a Ruperto Martín y Vázquez, ni a ningún causahabiente de éstos, ni a la demandada Encarnación Martín y Vázquez, ni a ninguna otra persona.

"Duodécimo: Que habiendo fallecido el citado Eduardo Nemesio Calvet y Anglada, sus legítimos hermanos aquí demandantes heredaron la parte que a él correspondía en la finca de que se viene tratando; que estos demandantes son las únicas personas con derecho

al dominio, posesión y disfrute de dicha finca, y que estando en posesión de la misma la demandada Encarnación Martín y Vázquez ésta se niega a entregarla a los demandantes a pesar de que ellos se la han reclamado amistosamente.'' (Se describen los frutos y productos y termina con las súplicas correspondientes.)

De dicha demanda consta que los actuales dueños adquirieron de personas que aparecían ser las dueñas de la finca de acuerdo con el artículo 33 de la Ley Hipotecaria. No importaba que el padre de los alegados verdaderos dueños hubiera vendido la finca sin derecho a ello. El comprador de buena fe está protegido, y los herederos tenían una acción contra su padre.

Asimismo cada uno de los sucesivos dueños excepto el inmediato comprador del padre adquirió un justo título y los demandados pueden utilizar su título de dominio para alegar la prescripción ordinaria.

La prescripción extraordinaria corrió en este caso. Sostienen los apelantes que esta alegación de prescripción ha sido indebidamente alegada puesto que los derechos fueron adquiridos de acuerdo con el anterior Código Civil. Pero como el término completo de treinta años no vencía sino después que el Código de 1902 empezó a regir, es ese código el aplicable. Ni favorece tampoco a los apelantes el hecho de que uno de los demandantes entrara en la finca y percibiera los frutos por diez y siete meses. Fué una posesión ilegal adquirida nuevamente por Martín, el poseedor legal y no consta que los demandantes poseyeran en concepto de dueños. El artículo 468 del Código Civil es aplicable. Dicho artículo es como sigue:

''El que recupera conforme a derecho, la posesión indebidamente perdida, se entiende para todos los efectos que puedan redundar en su beneficio, que la ha disfrutado sin interrupción.''

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.